UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WESTERN EXPRESS, INC.,            )
                                  )
        Plaintiff,                )
                                  )
v.                                )   Case No. 3:05-0761
                                  )   Judge Echols
ROBERT LEE PIKE, JR., and         )
P & S TRANSPORTATION, INC.,       )
                                  )
        Defendants.               )

## MEMORANDUM

Pending before the Court is Defendants Robert Lee Pike, Jr. ("Pike") and P & S Transportation Inc.'s ("P & S") (collectively "Defendants") Motion to Dismiss for Failure to State a Claim, or in the Alternative, for a More Definite Statement (Docket Entry No. 7) to which Plaintiff Western Express, Inc. ("Western" or Plaintiff) has responded in opposition (Docket Entry Nos. 10 & 11).

## I. FACTS

This is an action relating to an Asset Purchase Agreement ("Agreement") between Western and Pike, among others. The Complaint does not elucidate either the claims against the Defendants or the factual basis underlying those claims. Because of that, Defendants seek dismissal or a more definite statement.

According to the Complaint, pursuant to the Agreement, Pike guaranteed that Western "was only assuming certain liabilities and was receiving certain assets." (Complaint ¶ 4). However, there were "excess liabilities" and "assets not delivered" which amounted

1

to $304,404.69. (Id.). Pike is allegedly responsible for those undisclosed liabilities and undelivered assets. (Id. ¶ 5).

Additionally, allegedly in violation of paragraph 7.1(d) of the Agreement, Defendants solicited Western's drivers. This is alleged to be wrongful, even though the cited provision which requires cooperation in allowing Western Express to retain its employees is contained in a section of the Agreement titled "Pre-Closing Activities." Without referencing any factual allegations, Western asserts that the no-solicitation obligations "clearly are intended to survive the closing." (Id. ¶ 6[1]). Finally, Western alleges that "the Defendants have tortiously interfered with the business relationship of Western Express, Inc. and it's [sic] drivers." (Id. ¶ 8).

## II. ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure provides that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although a Plaintiff "need not allege all that [it] must eventually prove," the complaint must "'contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.'" Fink v. Ohio Health Corp., 139 Fed. Appx. 667, 669 (6th Cir. 2005) (quoting Performance Contracting, Inc. v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998)). "In other

---

[1]There are two paragraph sixes in the Complaint. These allegations are contained in both of those paragraphs.

2

words, [Defendants] must be able to know in advance the nature of the cause of action being asserted against [them]." Id.

In this case, it is difficult to ascertain the exact claims against the Defendants. It appears that Plaintiff is complaining about Defendants soliciting its drivers, but the provision it points to in the Agreement relates to pre-closing activities. Plaintiff also asserts that Defendants tortiously interfered with the business relationship between Plaintiff and its drivers yet does not allege any facts to support an essential component of a tortious interference claim - that Defendants had an improper motive or employed improper means. Plaintiff alleges undisclosed liabilities and undelivered assets yet makes no mention as to what those may be. Finally, P & S is named as a Defendant but P & S is not named in the Agreement and Plaintiff makes no allegations in the Complaint about the allegedly wrongful conduct of P & S.

Given these deficiencies, Plaintiff has not afforded the Defendants with fair notice of what its claims are or the grounds upon which they rest. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Plaintiff will be afforded twenty (20) days within which to cure these deficiencies.

### III. CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for a More Definite Statement (Docket Entry No. 7) will be granted in part and denied in part. Defendants' Motion to Dismiss will be denied but the alternative request for a More Definite Statement will be

3

granted. Plaintiff will have twenty (20) days from the date of entry of this Order within which to file an Amended Complaint which addresses the deficiencies noted in this Memorandum.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4